UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD CHAPEL,<br><br>          Plaintiff,<br><br>     v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>          Defendants. | CASE NO. C10-1345BHS<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Richard Chapel's ("Chapel") "Notice of Motion and Motion for Injunction." Dkt. 22. The Court has considered the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The subject of this action is a home and property located in Vancouver, Washington, of which Chapel claims to be the rightful owner. Dkt. 4-4. On July 23, 2010, Chapel filed his complaint in Clark County Superior Court against Defendants which include the servicer of his mortgage and other companies affiliated with the mortgage. *See* Dkt. 4-4. On August 20, 2010, Defendants removed the action to this Court. Dkt. 1. On September 22, 2010, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 13. On October 7, 2010, Chapel responded to the motion to dismiss and included in his response a request for an injunction. *See* Dkt.

ORDER - 1

17. On October 12, 2010, Chapel filed the instant motion seeking to enjoin Defendants from proceeding with the foreclosure sale scheduled for October 29, 2010. The Court concludes that Chapel's motion should be considered a motion for temporary restraining order ("TRO"). *See* Fed. R. Civ. P. 65(b).

## II. DISCUSSION

The instant motion for a TRO seeks relief from the Court in the form of an injunction enjoining Defendants from proceeding with the foreclosure of Chapel's home, including the foreclosure sale scheduled for October 29, 2010, pending the Court's resolution of this action. Dkt. 22 at 4-5.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Even assuming, without deciding, that Chapel could establish that (1) irreparable harm would occur in the absence of preliminary relief, (2) the balance of equities tipped in his favor, and (3) granting an injunction is in the public interest, Chapel must also establish a likelihood of success on the merits. *Winter*, 129 S. Ct. 376. Chapel's complaint alleges causes of action against Defendants for lack of standing, violations of 12 U.S.C. § 5219, and violations of the Fair Debt Collection Practices Act. Dkt. 4-4 at 6-7. What is missing from Chapel's complaint, and his motion for TRO, is a connection between the causes of action and the facts he pleads, in that he fails to show how

Defendants' alleged actions constitute violations of the statutes he references. Therefore, the Court concludes that Lawson has failed to show a likelihood of success on the merits of his case.

Although the Court acknowledges that the irreparable injury factor might weigh in favor of granting the TRO in that Chapel may be irreparably harmed if the foreclosure sale occurs, the record is insufficiently developed on this factor and the other factors of the public interest, and the balance of equities weighs in favor of denying the TRO. Moreover, the balance of equities also weighs in favor of denying the TRO in that Chapel waited until days before the foreclosure sale is scheduled to file this motion. He admits in his motion that he has known about the sale since July when it was rescheduled to the current date of October 29, 2010. Dkt. 22 at 3. Chapel could have sought a preliminary injunction when the case was first removed, giving Defendants an opportunity to respond and the Court time to rule on the motion before the foreclosure sale occurred.

Chapel has not established that he is likely to succeed on the merits, that granting the TRO is in the public interest, or that the balance of equities are tipped in his favor. *See Winter*, 129 S. Ct. 376. Therefore, Chapel has not adequately met his burden to be granted preliminary injunctive relief.

### III. ORDER

It is hereby **ORDERED** that Chapel's motion for TRO (Dkt. 22) is **DENIED**.

DATED this 18th day of October, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3